**TIAN CHAI ZHENG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Alberto R. Gonzales, Respondent.**

No. 05–4023–ag.

United States Court of Appeals, Second Circuit.

May 24, 2006.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

Matthew D. Orwig, United States Attorney, Eastern District of Texas, M. Andrew Stover, Assistant United States Attorney, Plano, TX, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner, Tian Chai Zeng, petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming the decision of Immigration Judge ("IJ") Gordon–Uruakpa rejecting the petitioner's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R.

§ 208.16. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

■ With regard to Zheng's claim for asylum based on past persecution, the IJ's finding that the definition of refugee under the Immigration and Naturalization Act, as amended by § 601(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), does not extend to children in forcible abortion and sterilization cases was not in error. In *Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303 (2d Cir.2005) (per curiam), this Court noted that, "in a number of recent cases, this Court has as a *de novo* matter considered the limits to the universe of others who may, pursuant to IIRIRA § 601(a), claim that they are 'refugees' eligible for immigration relief on the basis of their relationships to those directly victimized by coercive family planning policies." *Id.* at 304 (citing *Shi Liang Lin v. U.S. Dep't of Justice,* 416 F.3d 184, 192 (2d Cir.2005) (remanding a series of cases to the BIA for a more detailed explanation about the eligibility of "boyfriends" and "fiancés" under IIRIRA § 601(a)) and *Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (holding that a parent or parent-in-law of a person persecuted under a coercive family planning policy is not per se eligible for political

asylum)). However, this Court went on to expressly hold that, "because the procreative rights of children are not sufficiently encroached upon when their parents are persecuted under coercive family planning policies, children are not *per se* available for relief under § 601(a) as those directly victimized themselves." *Shao Yan Chen,* 417 F.3d at 305.

■ Zheng has provided no other evidence to establish that he has endured past persecution and cannot establish that he is *per se* eligible for relief as would be his allegedly victimized stepmother. Zheng's procreative rights were not sufficiently encroached upon when his stepmother and deceased mother were allegedly persecuted under China's coercive family planning policies.

Substantial evidence supports the IJ's finding that Zheng failed to establish a well-founded fear of future persecution. As explained above, Zheng failed to establish that he had been subjected to past persecution, and therefore does not enjoy a presumption of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). The IJ rejected Zheng's claim that he wishes to have more than two children in the future as too speculative. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (concluding that, without "solid support in the record" for the petitioner's assertion that he will be subjected to persecution on account of his two United States born children, "his fear is speculative at best").

■ The IJ's decision rejecting Zheng's claim that, if returned to China, he would be persecuted for his illegal departure from China was also supported by substantial evidence. Although Chinese law does provide for a sentence of imprisonment if a person illegally departs the country, the possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute

a valid basis for granting asylum. *See Qun Yang v. McElroy*, 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam).

Because Zheng failed to establish his eligibility for asylum, the IJ properly concluded that he was precluded from satisfying the heavier burden for withholding of removal. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 71 (2d Cir.2004).

 With respect to his CAT claim, the IJ properly concluded that Zheng had failed to meet his burden. While Zheng's testimony and submitted newspaper articles indicate that returning Chinese nationals who initially left China illegally face fines and detention, Zheng did not establish that someone in his situation will more likely than not be tortured or imprisoned upon returning to China. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003). Zheng may be fined or detained, and, in detention, he may face mistreatment. This, however, does not constitute torture and Zheng has failed to "establish that there is greater than a fifty percent chance (i.e. that it is 'more likely than not') that he will be tortured upon return to [China]." *Id.* at n. 20; *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005) ("Without more particularized evidence, [petitioner] asks this Court to hold that she is entitled to CAT protection based *solely* on the fact that she is part of the large class of persons who have illegally departed China.... Neither the CAT, nor the domestic regulations implementing that Convention, anticipate or require such a result." (emphasis in original)).

We have considered all of the petitioner's claims and find them to be without merit. The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).